IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.: 5:16-cv-00700-D

| | |
|---|---|
| DIANE SAUVE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **STIPULATED PROTECTIVE ORDER** |
| | ) |
| SYNCHRONY BANK, | ) |
| | ) |
| Defendant. | ) |
| | ) |

It is hereby stipulated and agreed by and between Plaintiff Diane Sauve and Defendant Synchrony Bank, through their undersigned attorneys, that this Protective Order shall govern the designation and handling of all confidential documents and information produced in this action by any party or non-party person or entity.

1. Any party or non-party responding to a subpoena that submits to the jurisdiction of this Court for adjudication of production and designation disputes who is required to produce documents or disclose information in discovery in this case (the "Producing Person") may designate as confidential, under the terms of this Stipulation for Protective Order, any document, material, electronically stored information ('ESI"), testimony or other or information which that party causes to be produced or disclosed, provided that party shall have first made a good-faith determination that there is reasonable basis for concluding that the document, material, or information is confidential under the Federal Rules of Civil Procedure, state, federal or other applicable law. For purposes of this Stipulation for Protective Order, the following shall constitute and may be designated as "Confidential Material:"

a. Trade secrets; proprietary processes; patents; patentable information; product formulae; know-how; trade practices; product concepts; product pricing; customer information if maintained as confidential; competitive information; private or confidential personal or personal-identifying information such as social security numbers, credit card numbers, personal medical information and medical records, personnel files relating to current or former employees, consumer credit reports; non-public financial information; non-public tax returns; employment information; or information protected by any statute, regulation, or constitutional provision providing a legally protected right to privacy;

b. Any testimony regarding Confidential Material as defined in Paragraph 1.a; and

c. Those portions of briefs, affidavits, memoranda, depositions, or other writings, including exhibits thereto, which contain or refer to Confidential Material as defined in Paragraphs 1.a and 1.b.

2. The following procedures shall apply to the designation of Confidential Material:

a. Any document, material, or information produced may be denominated as Confidential Material by the party or the responding person or entity by writing or stamping on the cover or first page and each page containing Confidential Material "CONFIDENTIAL," or if not practicable to do so, then by otherwise identifying such confidential material in writing to the other Parties. To the extent a Party receives by electronic means documents or information designated as "CONFIDENTIAL," the Party will ensure, in the event it prints out a copy of such document or information, that such document or information will have the "CONFIDENTIAL" designation appearing visibly on each page of the printed document.

b. Either during the course of a deposition or within thirty days after receipt of the final deposition transcript, any party or non-party providing deposition testimony in response to a subpoena issued by a party may designate exhibits or testimony, or any portion thereof, as Confidential Material by providing notice to all counsel of record and to the court reporter stating which exhibits and portions of the transcription of testimony are so designated. Any portion of a transcript or exhibits designated as Confidential Material shall thereafter be treated as Confidential Material in accordance with this Stipulation for Protective Order. Unless otherwise stipulated in writing, testimony, transcripts, and exhibits will be treated confidentially until thirty days following the receipt of the final transcript and exhibits.

3. Inadvertent failure to denominate documents or information as Confidential Material in the manner described in Paragraph 2 hereof will not be deemed a waiver of designation of such documents or information as Confidential Material. The Producing Person may later designate said document or information as Confidential Material. Disclosure of said document or information by any person prior to the later designation as Confidential Material shall not be deemed a violation of the provisions of this Order. However, the party who received such materials shall make every effort to prevent any further use or disclosure of those materials and to attempt to retrieve such materials from any person to whom they already have been distributed.

4. A party receiving Confidential Material (a) may use such Confidential Material solely for the purposes of the prosecution or defense of this action, and (b) may not disclose Confidential Material except as expressly provided in this Order. No party shall use any information contained in any Confidential Material for any purpose other than the conduct of this pending lawsuit.

- 3 -

Case 5:16-cv-00700-D   Document 18   Filed 01/03/17   Page 3 of 15

5. No copies of any Confidential Material shall be made except to the extent necessary for the prosecution or defense of this action. Any summary, compilation, notes, copy, electronic image or database containing Confidential Material shall be subject to the terms of this Protective Order to the same extent as the material or information for which such summary, compilation, notes, copy, electronic image or database is made or derived.

6. If any party believes that a designation of any document, information or testimony as Confidential Material is unwarranted, that party may so inform the designating party or witness in writing, specifying the materials that are the subject of the objection. Within fourteen (14) days after receiving such written objection, the parties shall negotiate in good faith to resolve their differences. If such a conference does not resolve the objection, then the designating party must apply to the Court within thirty (30) days of the conference by motion for a ruling that material designated by a party shall be treated as confidential. The designating party shall have the burden of demonstrating the propriety of that designation. Failure of the designating party to apply for a ruling within thirty (30) days of such conference waives its right to confidentiality for such documents unless the time is extended by agreement or by order of the Court. The document, information, or testimony in question shall be kept Confidential unless and until the Court orders otherwise upon motion brought by the party. In the event of motion practice relating to the propriety of a designation of confidentiality, the party asserting confidentiality bears the burden of demonstrating that the document, information, or testimony at issue falls within the definition of Confidential Material set forth in paragraph 1 of this Order or is otherwise entitled to protection from disclosure.

7. Material which has been designated as "CONFIDENTIAL" may not be disclosed by any person other than the party or witness producing it, except solely for the purpose of this litigation, and then only to the following persons:

    a. The parties themselves;

    b. All counsel for the parties, including in-house counsel, engaged in the litigation of this action and professional, clerical, secretarial and other support personnel of such counsel necessary to assist in this action;

    c. Experts, outside consultants and technical advisors (whether designated as trial witnesses or not) who are retained to consult with or assist counsel for either party in the preparation of this action for trial;

    d. Witnesses in the course of deposition or trial testimony in the reasonable and good faith belief of counsel that examination with respect to the Confidential Material is necessary for legitimate discovery or trial purposes, and any person who is being prepared to testify in the reasonable and good faith belief of counsel that such person will be a witness in this action and that his examination with respect to the Confidential Material is necessary in connection with such testimony;

    e. Witnesses who either authored the Confidential Material or received or reviewed it before this litigation began;

    f. The Court and its employees, and court reporters transcribing testimony taken in this case and notarizing officers;

    g. Any putative class member but solely to the extent such Confidential Material is about that particular putative class member; and

h. Any other person or entity as to whom counsel for the parties agree in writing or whom the Court directs shall have access to the information.

8. Confidential Material may be disclosed to persons described in Paragraphs 7.c, 7.d, 7.e, and 7.g, only if such persons have first read this Stipulation for Protective Order and have acknowledged that they are bound by its terms by signing and dating a copy of this Stipulation for Protective Order and indicating thereupon their agreement to be so bound. No provision herein shall be read to permit disclosure of any Confidential Material to any persons other than those designated in paragraph 7.

9. If a witness at a deposition refuses to sign the Agreement Concerning Material Covered by the Protective Order, any Party may adjourn the deposition to file a motion with the Court seeking to compel the witness to comply with the Protective Order. Any such motion must be filed within ten (10) days of the adjournment of the deposition. If no Party wishes to adjourn the deposition to file a motion with the Court, the deposition will proceed and that witness may be shown Confidential Material but counsel seeking the use of Confidential Material shall inform the witness that the witness is obligated to maintain the confidentiality of the Confidential Material pursuant to the terms of the Protective Order. Within fourteen (14) days following a deposition in which a witness refuses to sign the Agreement Concerning Material Covered by the Protective Order, any Party may file a motion with the Court seeking to compel the witness to comply with the Protective Order.

10. If a person other than the witness is present at a deposition at which Confidential Material is to be elicited or disclosed and such person is not entitled to access to such Confidential Material pursuant to Paragraph 7 of this Stipulation for Protective Order, that

person shall not be permitted to be present while Confidential Material is elicited or disclosed during the deposition.

11. Nothing contained herein shall prevent either party from disclosing its own Confidential Material or information contained therein, provided, however, that such disclosure shall not affect in any way the obligations of persons receiving Confidential Material pursuant to this Stipulation for Protective Order, except that there is no waiver of the right to claim that the disclosure of such material renders such material no longer confidential. The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated Confidential; (b) the parties agree, or the Court rules, is already public knowledge; or (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order.

12. The parties acknowledge the Court's concern regarding the burdensome nature of filing and maintaining documents under seal. By approving the Stipulated Protective Order and this Supplemental Protective Order, the Court is not ruling on whether any document or information is, in fact, entitled to protection under Rule 26(c). Rather, the Court approves the protective order in order to minimize discovery problems and to promote and expedite unrestricted discovery without Court intervention. *Cf. Longman v. Food Lion, Inc.*, 186 F.R.D. 331, 333 (M.D.N.C. 1999) (noting that, in a case involving "hundreds of documents containing confidential business information," a blanket protective order was "essential to the efficient functioning of the discovery process"). However, the stipulated protective order is limited by the concerns set out in *Haas v. Golding Transport, Inc.*, No. 1:09CV116, 2010 WL1257990 (M.D.N.C. March 26, 2010), as follows:

### (a) PLEADINGS, MOTIONS, BRIEFS, OR EXHIBITS MAY NOT BE FILED UNDER SEAL WITHOUT SEPARATE COURT APPROVAL.

Before filing any information that has been designated "CONFIDENTIAL INFORMATION" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about whether the information must be filed under seal. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court may thereafter grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

(b) **EVIDENCE OR TESTIMONY INTRODUCED IN COURT MAY ONLY BE SEALED BY SEPARATE COURT ORDER ON MOTION OF A PARTY.**

To the extent that any party seeks to seal or otherwise restrict access to an exhibit or other document introduced during a hearing, trial, or other court proceedings, the party must make a separate motion in that regard for consideration by the court conducting the proceedings, supported by sufficient justification therefor. Likewise, to the extent any party seeks to seal any portion of a transcript of a court proceeding, the party must file a separate motion to seal for consideration by the court that conducted such proceeding.

(c) **SEALING DOCUMENTS OR RESTRICTING ACCESS IN PROCEEDINGS BEFORE ANY OTHER COURT, INCLUDING ON APPEAL, MUST BE ADDRESSED BY THE PARTIES UNDER THE RULES OF THAT COURT.**

To the extent the parties may later proceed before any other court, including in any appeals in the present case, the parties must follow the rules of that court with respect to any issues of sealing or restricting access to documents.

(d) **ALL DOCUMENTS, SEALED OR OTHERWISE, FILED WITH THE COURT SHALL BE DISPOSED OF PURSUANT TO LOCAL RULE 79.2.**

Local Rule 79.2 provides for disposition of documents filed with the Court, and will continue to control unless otherwise ordered by the Court at the conclusion of the case.

13. Counsel for the parties to whom Confidential Material has been furnished shall be responsible for employing the procedures described herein and maintaining copies of the agreements signed by those people to whom any Confidential Material will be disclosed.

14. If Confidential Material is disclosed to any person other than in the manner authorized by this Stipulation for Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the designating party or witness of all pertinent facts relating to such disclosure and shall make every effort to prevent use or disclosure

of any type by each unauthorized person who received such information and attempt to retrieve such Confidential Material from the person to whom it was improperly disclosed..

15. This Stipulation for Protective Order shall not be deemed a waiver of:

    a. Any party's right to object to any discovery request on any ground or to seek a protective order providing further protection for particular documents or portions thereof;

    b. Any party's right to seek an order compelling discovery with respect to any discovery request;

    c. Any party's right at any proceeding herein to object to the admission of any evidence on any ground; or

    d. Any party's right to claim that any information sought or disclosed in the course of this litigation is proprietary and/or otherwise barred from disclosure or use for any purpose.

16. The provisions of this Stipulation for Protective Order shall continue in effect with respect to any Confidential Material until expressly released in writing by the Producing Person, and such effectiveness shall survive the entry of a final judgment or dismissal of the claims herein unless otherwise ordered by the Court.

17. Unless otherwise agreed in writing by the Producing Person or ordered by the Court, upon final determination of this action, including all appeals, each person receiving Confidential Material shall promptly return to the Producing Person all Confidential Material in its possession or control and all copies thereof, or at its option shall destroy all documents and other material or portions thereof containing or reflecting any Confidential Material, except that nothing contained in this provision shall require that the parties destroy attorney work product or turn over attorney work product to another party. Any attorney work product which includes

Confidential Material may be retained by counsel after the conclusion of this litigation but the confidentiality of such material must be maintained.

18. Nothing in this Order shall prevent any party from objecting to discovery that it believes is improper.

19. Nothing in this Order shall prevent any interested member of the public from challenging the sealing of any documents.

20. If at any time any information that has been designated Confidential produced by a Producing or Designating Party pursuant to this Order is requested by any court, administrative agency, legislative body or any other person or entity through subpoena or other compulsory process, the Party or person receiving such subpoena or compulsory process shall immediately, but in any event no later than three (3) business days after receiving such request, give written notice to counsel for the Producing Person that such a request has been received; provided, however, that no such notice need be given where prohibited by law or court order. The written notice shall include a copy of the subpoena or other compulsory process. It shall be the obligation of the Producing Person to obtain an appropriate court order to preclude or restrict production of any Confidential Information or other produced information requested pursuant to a subpoena or other compulsory process.

21. The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains outside this litigation legitimate possession of such material.

22. This Order may be modified by agreement of the parties, subject to approval by the Court.

23. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties request that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

24. Nothing in this Order shall be construed to govern or affect the admissibility or use of any Confidential Material at trial or hearing in open court. Any requests of confidentiality or sealing of any hearing or trial is to be made to the judge presiding over that proceeding.

25. The terms of this Order shall be binding on the parties and their attorneys.

IT IS SO ORDERED, this the 3rd day of January, 2017.

Robert B. Jones, Jr.
United States Magistrate Judge

- 12 -

Case 5:16-cv-00700-D   Document 18   Filed 01/03/17   Page 12 of 15

**IT IS SO STIPULATED**

DATED: DECEMBER 20, 2016

/s/ **Karl S. Gwaltney**
Karl S. Gwaltney
N.C. State Bar No. 45118
4801 Glenwood Avenue, Suite 310
Raleigh, North Carolina 27612
Tel: (919) 526-0450
Fax: (919) 882-8763
kswaltney@maginnislaw.com
*Counsel for Plaintiff*

/s/ **Michael D. DeFrank**
Michael D. DeFrank
Wyrick Robbins Yates & Ponton LLP
4101 Lake Boone Trail, Suite 300
Raleigh, NC 27608
Telephone: 919-781-4000
Fax: 919-781-4865
mdefrank@wyrick.com
*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.: 5:16-cv-00700-D

| | |
|---|---|
| DIANE SAUVE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **AGREEMENT CONCERNING** |
| v. | ) **MATERIAL COVERED BY THE** |
| | ) **STIPULATED PROTECTIVE ORDER** |
| SYNCHRONY BANK, | ) |
| | ) |
| Defendant. | ) |
| | ) |

1. I, _____, hereby certify under penalty of perjury that I have received a copy of, read, and reviewed the Stipulated Protective Order and all amendments or modifications thereto ("Protective Order") in the above-captioned action, and that I agree to be bound by it and its terms.

2. I further agree that I shall not disclose to others, except in accordance with the Protective Order, any documents marked or stamped "CONFIDENTIAL" (or information learned from those documents) that I may receive or be given access to, and that such documents or information so designated shall be used only for the purposes of the above-captioned legal proceeding.

3. I further agree and attest to my understanding that my obligation to honor the confidentiality of such documents or information will continue even after the termination of the above-captioned legal proceeding.

4. I further acknowledge my understanding that the Party that has produced and designated documents or information that is "CONFIDENTIAL" may be subject to severe and significant

competitive disadvantage and economic hardship if "CONFIDENTIAL" documents or information were to be provided to others or used outside of this litigation.

5. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to legal liability, including significant monetary and consequential damages, for such failure.

6. I agree to submit to the jurisdiction of the United States District Court for the Eastern District of North Carolina for purposes of enforcement of this Agreement.

Dated: _____

                                    By: _____

                                    Name: _____

                                    Signature: _____